RENDERED: NOVEMBER 6, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2017-CA-1985-MR

KATHRYN MICHELLE HAWKINS                          APPELLANT


APPEAL FROM KNOX FAMILY COURT
v.        HONORABLE STEPHEN MICHAEL JONES, JUDGE
ACTION NO. 16-CI-00462


ROBERT MICHAEL ALLEN MILLS                          APPELLEE


OPINION
VACATING

** ** ** ** **

BEFORE: GOODWINE, MCNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Kathryn Hawkins appeals from two orders of the Knox

Family Court. One found her in contempt of court and ordered her to be

incarcerated for 179 days. The other was an order granting emergency custody of

her minor child to Robert Mills, the child's father. We hold that the contempt issue

is moot and that the trial court's order granting emergency custody is no longer valid; therefore, we vacate the custody order.

## FACTS AND PROCEDURAL HISTORY

Appellant and Appellee were divorced on March 27, 2017, when the Knox Circuit Court, Family Division, entered a decree of dissolution of marriage. The parties agreed to share joint custody of their minor child and each was to have equal timesharing. In addition, Appellant agreed to pay Appellee $8,000 for debt owed on a credit card. The decree did not indicate a time limit for Appellant to pay the debt. On June 14, 2017, the court entered an order directing Appellant to provide proof that she had paid the debt. On August 9, 2017, Appellee filed a motion for contempt for failing to make payments toward the debt. A hearing was scheduled for November 1, 2017.

On October 6, 2017, a neglect and abuse petition was filed in Barren Circuit Court against Appellant involving the minor child. An emergency custody order was entered in that case giving Appellee sole custody of the minor child. On October 31, 2017, Appellee filed an *ex parte* motion for emergency custody and a motion to modify the custody and timesharing arrangement in Knox Family Court.

On November 2, 2017, a hearing was held on the motion for contempt. During the hearing, the trial court believed Appellant had lied about her employment status while testifying. The court held her in contempt for lying to the

court. The court also held that Appellant should pay the $8,000 debt within 12 months. Near the end of the hearing, counsel for Appellee inquired about the motion for emergency custody. The court stated that it would contact the Barren Circuit Court to find out the details about that neglect and abuse case. Counsel for Appellant then asked, "So, the court's not going to do the motion to change custody today?" The trial judge replied, "No." Appellant was then removed from the courtroom and taken to jail and the hearing was adjourned.

The same day as the hearing, the trial court entered a calendar order indicating Appellant was held in contempt and sentencing her to 179 days incarceration. The order also indicated that Appellant's parenting time was halted until further hearing or order. Finally, the order indicated Appellant should pay the $8,000 debt within 12 months. That same day, an order was entered scheduling a hearing on Appellee's motion to modify timesharing and custody for February 7, 2018.

On November 8, 2017, the court entered an order granting emergency custody to Appellee. The court indicated its order was based on the information it received after contacting the Barren Family Court. Presumably sometime after the November 2, 2017 hearing, the trial judge in this matter contacted the judge in the

Barren Family Court neglect and abuse action and discussed the facts.[1]  There is nothing in the record regarding what was discussed other than the facts set forth in the November 8 emergency custody order.  At the time the trial court entered the November 8 order, the Barren Family Court's records for the neglect and abuse action were not in the Knox Family Court's records.  The Barren Family Court records were not entered into the Knox Family Court's records until January of 2018.  Appellant filed motions to alter, amend, or vacate the contempt order and the emergency custody order.  Those motions were denied and this appeal followed.

## ANALYSIS

Appellant's first argument is that the trial court erred in holding her in contempt.  We believe this argument is moot.  Appellant was incarcerated for contempt on November 1, 2017, and she was given a 179-day sentence.  On December 22, 2017, the trial court entered an order releasing her from jail and probating the rest of her contempt sentence.  This contempt happened almost three years ago.  The time ran on her contempt sentence long ago; therefore, any action taken by this Court on this issue would have no effect.

---

[1] This is permissible pursuant to Kentucky Supreme Court Rules (SCR) 4.300, Canon 2, Rule 2.9.

Appellant's second argument on appeal is that the trial court erred in entering the emergency custody order because the court did not hold a hearing. We agree. Emergency custody orders are controlled by Kentucky Revised Statutes (KRS) 620.060. Pursuant to KRS 620.060(3), an emergency custody order "shall be effective no longer than seventy-two (72) hours . . . unless there is a temporary removal hearing with oral or other notice to . . . the parent or other person exercising custodial control or supervision of the child, to determine if the child should be held for a longer period."

Here, no hearing was held regarding Appellee's emergency custody motion. When it comes to hearings,

> we have held that "[d]ue process requires, at the minimum, that each party be given a meaningful opportunity to be heard." *Wright v. Wright*, 181 S.W.3d 49, 53 (Ky. App. 2005). In turn, a party has a meaningful opportunity to be heard where the trial court allows each party to present evidence and give sworn testimony before making a decision. *Id.*

*Holt v. Holt*, 458 S.W.3d 806, 813 (Ky. App. 2015). The court in this case relied on information it received, *ex parte*, from the Barren Family Court. The Knox Family Court did not give Appellant a chance to present evidence or give testimony regarding the Barren Family Court action. In addition, the records for the Barren Family Court's neglect and abuse action were not made a part of the record until after the emergency custody order was entered.

*Arguendo*, even if we were to classify Appellee's emergency motion as simply a motion to modify timesharing or custody, then a hearing is still necessary. KRS 403.320(1) and (3); KRS 403.350.

## **CONCLUSION**

Based on the foregoing, we hold that the contempt issue on appeal is moot. We also conclude that the trial court did not hold the required hearing when it granted emergency custody to Appellee; therefore, the emergency custody order expired after 72 hours. Unfortunately, the orders on appeal were entered almost three years ago. This court does not know the current status of this case as it is outside the record before us. If the trial court is still operating pursuant to its emergency custody order, that order is hereby vacated.

ALL CONCUR.

BRIEF FOR APPELLANT:

Robert C. Bishop
Brandenburg, Kentucky

BRIEF FOR APPELLEE:

Lisa L. Fugate
Barbourville, Kentucky