RENDERED:  FEBRUARY 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1100-ME

RONALD SCOTT ARNOLD                                    APPELLANT


APPEAL FROM LEE CIRCUIT COURT
v.          HONORABLE MICHAEL DEAN, JUDGE
ACTION NO. 21-D-00024-001


BLANCHE ARNOLD                                          APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE:  Ronald Scott Arnold appeals from the Lee Circuit

Court's entry of a domestic violence order ("DVO") against him.  Mr. Arnold

argues that the trial court denied him a meaningful hearing as required by

Kentucky statutes.  Mr. Arnold further contends that the court's finding by a

preponderance of the evidence that Mr. Arnold had committed domestic violence was clearly erroneous.

We agree with Mr. Arnold that the trial court erred in finding that he had committed acts of domestic violence against his wife because such finding was unsupported by a preponderance of the evidence. Thus, we reverse and remand this matter to the Lee Circuit Court, with instructions to vacate the DVO entered on August 4, 2021, and dismiss the petition filed against Mr. Arnold without prejudice pursuant to Kentucky Revised Statutes ("KRS") 403.730(1)(a).

## FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2021, Blanche Arnold, who had initiated a dissolution action against Mr. Arnold the preceding June after approximately forty years of marriage, filed a petition/motion for order of protection (the "Petition"). The Petition alleged that Mr. Arnold had engaged in acts of domestic violence and abuse on or about July 29, 2021. Ms. Arnold's factual statement reads as follows:

> [Mr. Arnold] became very agitated accusing [Ms. Arnold] and son of removing items from the home and all the while [Ms. Arnold] and son were at work and serving on grand jury. He is mis[-]using his prescription medication and buying off the street. He threatened to "cut his son's guts out" and was very aggressive the entire day to both of them.
>
> [Mr. Arnold] returned home today – 7-30-2021 and started same behavior. He is walking around the house carrying a slap stick and made family members leave. I fear for my safety and the safety of our adult son's life.

> Our 2 yr old granddaughter has to return Sunday and this
> is not an environment for this child to be in. He need[s]
> <u>help</u>.

The Petition further alleged that a weapon was involved and that Mr. Arnold could be armed and dangerous.

The Lee Circuit Court thereafter issued an emergency protective order ("EPO") and summons, which was served on Mr. Arnold that same day. The Summons indicated that the court had scheduled a hearing for August 4, 2021, at 9:30.

On August 4, 2021, the trial court held a hearing on both Ms. Arnold's previous motion for a *status quo* order in the parties' divorce case and regarding the Petition. Mr. Arnold's counsel was not present at the hearing, although he had previously entered an appearance on behalf of Mr. Arnold. After ruling on the *status quo* motion, the court indicated that it would hear evidence regarding the Petition.

After being sworn in, Ms. Arnold testified that she reaffirmed the statements in her DVO petition. Ms. Arnold further testified that Mr. Arnold was abusing his prescription medicine but that Mr. Arnold would not admit to such abuse and would not accept help. Ms. Arnold further testified that Mr. Arnold was verbally abusive, belligerent, that the parties "needed to be apart," and "that this needed to be over." Ms. Arnold also indicated that Mr. Arnold's behavior had

been "escalating" recently, that he had told her he would "like to mash [her] mouth," that he had stood in front of the door when she was trying to leave to go to work and had grabbed her arm. While Ms. Arnold said she "did not necessarily fear" for herself or her family, she did "worry." Ms. Arnold also testified that, on one occasion, Mr. Arnold had a "slap jack" in his possession and that she was "sure" that he had a knife with him on that same occasion.

The trial court next inquired whether Mr. Arnold had any questions for Ms. Arnold. Mr. Arnold replied in the affirmative, but instead of asking any questions, made a series of mostly unintelligible unsworn statements attempting to rebut Ms. Arnold's testimony.

Thereafter, the parties' adult son was called as a witness and sworn in. Although his testimony is also unclear, his testimony appears to center around an altercation between him and Mr. Arnold. Although both parties exchanged verbal threats, and there were allegations that Mr. Arnold had a knife and his son had a gun, neither party testified that anything physical occurred, and the police eventually arrived at the scene. After his son's testimony, the court swore in Mr. Arnold, who provided a rebuttal, which again is very hard to decipher from the videotaped record of the proceedings.

At the conclusion of the hearing, the court granted Ms. Arnold's Petition, stating, "clearly, you two need to separate . . . the question is, where is

[Mr. Arnold] gonna go?"  After Mr. Arnold answered that he had been staying at a friend's house, the court stated, "that solves it."  The court subsequently entered an order finding that Mr. Arnold had committed domestic violence against Ms. Arnold and that domestic violence may occur again.  The DVO was effective until January 1, 2023, and restrained Mr. Arnold from contact with Ms. Arnold and the parties' adult son except "as agreed."  This appeal followed.

## ANALYSIS

### a. Meaningful Hearing

Mr. Arnold first argues that the trial court denied him a "meaningful" hearing as required by KRS 403.730(1)(a).  KRS 403.730(1)(a) states that, upon receiving a petition for an order of protection, "the court shall summons the parties to an evidentiary hearing not more than fourteen (14) days in the future."  Moreover, "the Kentucky Court of Appeals [has] made it clear that due process requires, at the minimum, that each party be given a *meaningful* opportunity to be heard."  *Wright v. Wright*, 181 S.W.3d 49, 53 (Ky. App. 2005) (internal quotation marks and citation omitted) (emphasis added).  In *Holt v. Holt*, the Court explained the phrase "meaningful opportunity to be heard" as the court's permitting "each party to present evidence and give sworn testimony before making a decision."  458 S.W.3d 806, 813 (Ky. App. 2015) (citation omitted).

-5-

In *Wright*, a panel of this Court examined two cases on appeal and determined that neither trial court had held a "full hearing" as required by the applicable statutes. 188 S.W.3d at 53. In the first matter, the trial court had entered a DVO without any testimony being taken from either party and had impermissibly relied upon extrajudicial evidence in entering the DVO. *Id.* In the second matter, the trial court did not permit the petitioner to complete her testimony, interrupted her attorney, and dismissed the case after only three questions had been asked on direct examination. *Id.* As a result, the Court of Appeals concluded that the evidence taken in each of the limited proceedings was insufficient and remanded both matters for a "'full hearing' as contemplated by the statute, comprised of the full testimony of any appropriate witnesses sought to be presented." *Id.*

Similarly, in *Abdur-Rahman v. Peterson*, 338 S.W.3d 823, 828 (Ky. App. 2011), the trial court issued a DVO after refusing to permit the respondent to call a witness he had specifically requested to contact. On appeal, this Court held that the trial court had denied the respondent a full hearing by excluding one of the witnesses and remanded the matter for a full hearing including all relevant testimony. *Id.*

Finally, in *Rankin v. Criswell*, 277 S.W.3d 621, 623-24 (Ky. App. 2008), the trial court's issuance of an EPO was based upon statements in the

written petition as well as the content of two dependency files that were not admitted into evidence. A panel of this Court determined that the seven-minute hearing, which was devoid of testimony by the petitioner, was inadequate. *Id*. at 625-26.

In this case, unlike the litigants in *Wright*, *Abdur-Rahman*, and *Rankin*, the trial court set no limitations on the presentation of Mr. Arnold's testimony or other evidence. The court provided Mr. Arnold with the opportunity to cross-examine both Ms. Arnold and his son while they were under oath. Moreover, while the court did not swear Mr. Arnold in until after his son's testimony, and although Mr. Arnold's response was difficult to hear on the videotaped recording of the hearing, the trial court appeared to hear and understand everything in Mr. Arnold's sworn response. The court even went so far as to overrule an objection by Ms. Arnold's attorney and questioned Mr. Arnold concerning his response to his son's testimony. The court did not foreclose Mr. Arnold's presentation of any additional evidence or testimony. Thus, we cannot say that Mr. Arnold was hindered from "present[ing] evidence and giv[ing] sworn testimony" before the court made its decision. *Holt*, 458 S.W.3d at 813.

Additionally, although Mr. Arnold's counsel did not appear at the hearing, Mr. Arnold was provided with proper service of the Petition and Summons, which clearly stated that the court would hold a hearing on the matter

on August 4, 2021.  Moreover, the record reflects that the trial court attempted to contact Mr. Arnold's counsel via telephone prior to beginning the DVO hearing. Accordingly, we conclude that Mr. Arnold was provided with a meaningful hearing as required by statute and in accordance with due process prior to entry of the DVO against him.

### b.  Domestic Violence or Abuse

Mr. Arnold next asserts that the evidence presented at the hearing was not sufficient proof beyond a preponderance that Mr. Arnold had committed domestic violence and abuse against Ms. Arnold.  This Court has previously noted that, pursuant to Kentucky Rule of Civil Procedure ("CR") 52.01:

> a trial court's findings of fact may be set aside if clearly erroneous.  However, we are mindful that in reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion.  Abuse of discretion occurs when a court's decision is unreasonable or unfair.

*Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008) (citation omitted).  "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citation omitted).

The General Assembly enacted KRS 403.715 to 403.785 to allow victims of domestic violence and abuse to, among other reasons, "obtain effective,

short-term protection against further wrongful conduct in order that their lives may be as secure and as uninterrupted as possible[.]" KRS 403.715(1). KRS 403.740(1) permits a court to issue a DVO if, following an evidentiary hearing, the court "finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" KRS 403.720(1) defines "domestic violence and abuse" as "physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]" "Physical injury" is defined in Kentucky's Penal Code as "substantial physical pain or any impairment of physical condition[.]" KRS 500.080(13).

Nevertheless, as discussed by a panel of this Court in *Wright*, "the impact of having an EPO or DVO entered improperly, hastily, or without a valid basis can have a devastating effect on the alleged perpetrator." 181 S.W.3d at 52. Indeed, "there are severe consequences, such as the immediate loss of one's children, home, financial resources, employment, and dignity." *Id*. Additionally, "one becomes subject to immediate arrest, imprisonment, and incarceration for up to one year for the violation of a court order, no matter what the situation or circumstances might be." *Id*.

In the present case, while Ms. Arnold stated that Mr. Arnold had engaged in inappropriate verbal language and that the parties frequently argued, she also said that she was not necessarily "fearful" but more "worried" about Mr. Arnold's behavior. Ms. Arnold's only allegation of unwanted physical contact with her was that Mr. Arnold had grabbed her arm during an argument and told her that she could not go to work until she helped him find a specific item. We do not believe that this incident rises to the level of "physical injury" described in KRS 500.080(13).

Moreover, while Ms. Arnold alleges one incident in which Mr. Arnold had a "slap jack" and possibly a knife and that he did not want anyone coming into the house, she did not allege or testify that he had threatened her with the weapons or that she was imminently fearful that he would use them against her. We see no evidence in the record that Ms. Arnold proved by a preponderance of the evidence that Mr. Arnold had made any specific threats of imminent violence against Ms. Arnold.

Additionally, the parties' twenty-six-year-old son testified about an altercation between him and Mr. Arnold. However, Ms. Arnold provided no testimony regarding this incident. There was no dispute that Ms. Arnold – and Ms. Arnold alone – was the petitioner in this action and that at the times of the incidents in question, Mr. Arnold had every right to be at his home. The parties'

adult son could have sought his own EPO against Mr. Arnold, but he did not do so. Consequently, the trial court erred in finding that Mr. Arnold committed domestic violence or abuse against Ms. Arnold.

## **CONCLUSION**

For the foregoing reasons, we reverse and remand this matter to Lee Circuit Court, with instructions to vacate the DVO entered on August 4, 2021, and dismiss the Petition without prejudice pursuant to KRS 403.730(1)(a).

ALL CONCUR.

BRIEFS FOR APPELLANT:

Thomas P. Jones
Beattyville, Kentucky

BRIEF FOR APPELLEE:

Jean Kelley Cunningham
Shelbyville, Kentucky