RENDERED: JANUARY 17, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0496-MR

JESSICA ALLGEIER                                   APPELLANT

v.                APPEAL FROM JEFFERSON CIRCUIT COURT
               HONORABLE ANN BAILEY SMITH, JUDGE
               ACTION NO. 22-CI-001184

JEFFREY WAGNER                                  APPELLEE

OPINION
AFFIRMING IN PART,
VACATING IN PART,
AND REMANDING

\*\* \*\* \*\* \*\* \*\*

BEFORE: COMBS, A. JONES, AND McNEILL, JUDGES.

COMBS, JUDGE: Jessica Allgeier appeals an order of the Jefferson Circuit Court entered on April 23, 2024, dismissing with prejudice a civil action against her former spouse, Jeffrey Wagner. Upon Wagner's motion, the circuit court concluded that it lacked the necessary subject-matter jurisdiction to adjudicate the claims asserted by Allgeier as they fell within the exclusive jurisdiction of the Jefferson Family Court. We hold that the circuit court did not err by concluding

that the Jefferson Family Court was the proper forum for resolution of those claims, and we affirm that portion of its order. However, we conclude that **transfer** of the action to the Family Court rather than dismissal is the correct disposition of the action. Therefore, we vacate the order of dismissal and remand for entry of an order transferring the case to the Jefferson Family Court.

The parties have a lengthy history with the Jefferson Family Court. Wagner filed a petition for dissolution of the marriage in 2013. The judgment of dissolution granted the parties joint custody of their children. However, they waged a contentious custody battle involving multiple allegations of domestic violence and dependency, neglect, and abuse.

On March 9, 2022, Allgeier filed a complaint against Wagner in Jefferson Circuit Court asserting several causes of action. First, she claimed that Wagner should be required to indemnify her for the tens of thousands of dollars in unpaid sales taxes levied on Wagner Car Wash Solutions LLC (Wagner Car Wash). Allgeier alleged that Wagner misappropriated revenue from the car wash and argued that he should be required to bear the tax burden attributable to that revenue. Next, Allgeier asserted that she was entitled to recover civil damages based upon Wagner's alleged malicious and willful interference with her custody of the couple's two children. Finally, she alleged that Wagner's conduct

constituted the tort of outrage for which she also sought money damages. Allgeier demanded a jury trial.

Wagner answered and denied the allegations. He argued that the circuit court lacked jurisdiction to adjudicate Allgeier's claims because they "arise out of the former marriage between the parties and are the subjects of ongoing litigation" in Jefferson Family Court.

On October 24, 2023, Wagner filed a motion to dismiss the action. He argued that any cause of action based on his alleged mismanagement of Wagner Car Wash was governed by the terms of the parties' property settlement agreement, which had been incorporated into the family court's final judgment. The parties' property settlement agreement provided that Allgeier would receive Wagner Car Wash; that Wagner would sign a non-compete agreement; and that "all pending litigation against [Wagner] arising out of the business and its affairs" would be dismissed. With the exception of fraud, each party released "any and all rights, benefits, or privileges" to which either "may have been entitled to with respect to the division of marital assets."

Wagner described Allgeier's allegations of custodial interference as "nonsensical." He explained that the family court had already determined (in a 2014 proceeding) that Allgeier had committed an act of domestic violence against the children. Consequently, a domestic violence order was entered against her in

-3-

2014 and was extended by the family court through September 2020. Pursuant to the order, Allgeier was permitted "unsupervised parenting time with [the children] conditioned on compliance in the dependency case." In fact, Allgeier stipulated that she committed an act of abuse, and her spouse was forbidden contact with the parties' children pending the court's further orders.

In her response, Allgeier argued that she brought the circuit court action against Wagner because he had "maliciously and habitually lied to authorities for many years by telling them that [she] physically beats and abuses their children." She contended that Wagner "must be held to answer and account for his lies to authorities, which have severely damaged [her]." Next, Allgeier explained that she has a private right of action for damages based on: Wagner's violation of Kentucky criminal statutes that prohibit false reporting to law enforcement authorities; perjury; false swearing; and interference with the custody of a child. Last, she argued that while the terms of the parties' property settlement agreement provided that she would receive Wagner Car Wash, it did not provide that she would assume all its debts -- nor did it absolve Wagner of fraud. Allgeier believed that the family court lacked subject-matter jurisdiction to entertain these claims, and, therefore, she sought relief in Jefferson Circuit Court.

In its order, entered April 23, 2024, the Jefferson Circuit Court concluded that it lacked subject-matter jurisdiction to decide whether Wagner

could be held liable for the disputed sales tax liability pursuant to the terms of the parties' property settlement agreement. It also concluded that it lacked jurisdiction to decide whether Wagner violated the terms of a family court order "regarding [Wagner's] alleged disparagement of [Allgeier] and whether [Allgeier] abused the parties' children." It observed that Allgeier's claims "stem from a divorce of the parties in a case that has been pending in Jefferson Family Court for over eleven years" and dismissed the action. This appeal followed.

On appeal, Allgeier argues that the circuit court erred by dismissing her civil action based upon a lack of subject-matter jurisdiction. On the contrary, rather than a lack of jurisdiction, she contends that the circuit court has *exclusive* authority to adjudicate her claims because she seeks money damages based on Wagner's civil liability.

Allgeier has raised an issue of law: *i.e.*, whether the Jefferson Circuit Court erred by dismissing the action based on its perceived lack of authority to adjudicate the civil claims asserted by her. *Biggs v. Biggs*, 301 S.W.3d 32, 33 (Ky. App. 2009). We review issues of law *de novo. Holt v. Holt*, 458 S.W.3d 806, 810-12 (Ky. App. 2015) (citing *Grange Mutual Insurance Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004)).

A court lacks subject-matter jurisdiction only where it has not been given the power to act -- either through constitutional provision or statute. *Davis v.*

*Wingate*, 437 S.W.3d 720, 725 (Ky. 2014).  Pursuant to our Constitution, "[t]he Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court[.]"  KY. CONST. § 112(5).

Our Constitution also provides that the Supreme Court of Kentucky "may designate one or more divisions of Circuit Court within a judicial circuit as a family court division."  KY. CONST. § 112(6).  "A Circuit Court division so designated shall retain the general jurisdiction of the Circuit Court and shall have additional jurisdiction as may be provided by the General Assembly."  *Id.*  To that end, KRS[1] 23A.100 provides, in relevant part, as follows:

> (1) As a division of Circuit Court with general jurisdiction pursuant to Section 112(6) of the Constitution of Kentucky, a family court division of Circuit Court shall retain jurisdiction in the following cases:
>
> > (a) Dissolution of marriage;
> >
> > (b) Child custody;
> >
> > (c) Visitation;
> >
> > (d) Maintenance and support;
> >
> > (e) Equitable distribution of property in dissolution cases;
> >
> > (f) Adoption; and
> >
> > (g) Termination of parental rights.

---

[1] Kentucky Revised Statutes.

(2) In addition to general jurisdiction of Circuit Court, a family court division of Circuit Court shall have the following additional jurisdiction:

(a) Domestic violence and abuse proceedings under KRS Chapter 403 subsequent to the issuance of an emergency protective order in accord with local protocols under KRS 403.725;

(b) Proceedings under the Uniform Act on Paternity, KRS Chapter 406, and the Uniform Interstate Family Support Act, KRS 407.5101 to 407.5902;

(c) Dependency, neglect, and abuse proceedings under KRS Chapter 620; and

(d) Juvenile status offenses under KRS Chapter 630, except where proceedings under KRS Chapter 635 or 640 are pending.

(3) **Family court divisions of Circuit Court shall be the primary forum for cases in this section**, except that nothing in this section shall be construed to limit the concurrent jurisdiction of District Court.

(Emphasis added.)

The legislature's description of a family court division of the circuit court as the "primary forum" suggests that our General Assembly did not intend for this statute to limit the jurisdictional reach of our circuit courts. However, it is unnecessary to decide conclusively whether the circuit court lacked subject-matter jurisdiction in this case because it is clear that the general jurisdiction of the family court as provided by KY. CONST. § 112(6) extends broadly beyond the specific areas of jurisdiction outlined in the provisions of KRS 23A.100. *See Uninsured*

*Employers' Fund v. Bradley*, 244 S.W.3d 741, 745 (Ky. App. 2007) (the grant of general jurisdiction made in Section 112 of the Constitution of Kentucky encompasses declaratory judgment actions). Applying the statute this way ensures that the purposes underlying the creation of family courts as set out in KRS 23A.110 are respected: *i.e.*, that domestic cases proceed in family court. *Holt v. Holt*, 458 S.W.3d 806, 810-12 (Ky. App. 2015); *see also Wallace v. Wallace*, 224 S.W.3d 587, 591 (Ky. App. 2007) ("The very purpose for the creation of the family courts is to consolidate litigation and controversies related to a family into one court.").

Consequently, we are persuaded that the Jefferson Circuit Court properly concluded that the family court is the appropriate forum for resolution of Allgeier's claims. However, the correct disposition of the matter was not dismissal of the case. Instead, this case must be transferred to the family court for its adjudication -- whether that be dismissal on some other basis or resolution of the issues on their merits.

Therefore, we affirm in part, vacate the order of dismissal, and remand for entry of an order by the Jefferson Circuit Court transferring this case to the Jefferson Family Court.


ALL CONCUR.


-8-

BRIEFS FOR APPELLANT:

Joshua T. Rose
Louisville, Kentucky

BRIEF FOR APPELLEE:

Benjamin Potash
Louisville, Kentucky