RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0586-ME

BRIAN M. WYATT
APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE ACENA JOHNSON BECK, JUDGE
ACTION NO. 22-D-00143-001

MISTY M. WYATT
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Brian Wyatt appeals from a May 11, 2022, Domestic

Violence Order (DVO) entered by the Kenton Circuit Court, Family Court

Division, upon petition by Misty Wyatt, his wife. We affirm.

On April 29, 2022, Misty filed a petition for an order of protection

against Brian, alleging that on April 5, 2022:

[Brian] threatened to cause bodily harm after finding out he had been taking money from his job. Brian stated that he had been using a product called "Been Good" to make me "freeze from the inside out." Upon leaving the home, Brian's whereabouts have been unknown and I feel that my children and myself may be at risk. Brian has been driving past my job locations and is known to carry a pistol as well as a rifel [sic]. [Brian] stated that if I do not "kill myself" he will "do it for me."

The family court entered an emergency protective order (EPO) on behalf of Misty.[1] A hearing was conducted on May 11, 2022. Misty appeared *pro se* and Brian appeared with counsel. Misty testified regarding the allegations contained in the petition, including that Brian had threatened to kill her if she did not kill herself and that the police were called to the residence when the threat was made and a loaded rifle was removed from the home. Brian had an opportunity to cross-examine Misty and also testified on direct examination. At the conclusion of the hearing, the family court found that an act or threat of domestic violence occurred when Brian told Misty she should kill herself or he would do it for her. A DVO was entered for a period of three years. This appeal followed.

Domestic violence is governed by Kentucky Revised Statute (KRS) Chapter 403, which provides that the trial court may enter a DVO "if a court finds by a preponderance of the evidence that domestic violence and abuse has occurred

---

[1] Although Misty M. Wyatt requested protective orders for her minor children (Brian M. Wyatt's stepchildren), the family court did not include the children in the Emergency Protective Order or the Domestic Violence Order.

and may again occur[.]" KRS 403.740(1). "Domestic violence and abuse" is defined as:

> Physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]

KRS 403.720(2)(a). "The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim 'was more likely than not to have been a victim of domestic violence.'" *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007) (quoting *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996)).

Our review of a circuit court's decision to grant or deny a DVO "is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion." *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008). We will not set aside findings of fact unless they are clearly erroneous, or unsupported by substantial evidence. Kentucky Rules of Civil Procedure (CR) 52.01; *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). Because the trial court is in the best position to judge the credibility of the evidence, we will not substitute our opinion for that of the trial court with regard to the weight given to certain evidence, including the testimony of witnesses. CR 52.01; *B.C. v. B.T.*, 182 S.W.3d 213, 220 (Ky. App. 2005). Additionally, an abuse

of discretion occurs only where the court's decision is "unreasonable, unfair, arbitrary or capricious." *Caudill v. Caudill*, 318 S.W.3d 112, 115 (Ky. App. 2010).

On appeal, Brian argues the family court abused its discretion in entering the DVO because: (1) it heard evidence that was beyond the scope of the petition; (2) Misty was not a credible witness; and (3) the evidence presented did not meet the preponderance of evidence standard.

We begin by noting that Misty failed to file a brief with this Court. If an appellee brief has not been filed within the time allowed, the Court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case. Kentucky Rules of Appellate Procedure 31(H)(3).[2] "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). We have elected to review this appeal on its merits despite the fact Misty failed to file a brief.

Brian's first argument is refuted by the record before us. Brian objected each time Misty began to testify regarding anything beyond the scope of the petition, and his objections were sustained by the family court. Although Brian

---

[2] Formerly Kentucky Rules of Civil Procedure 76.12(8)(c).

argues Misty was impermissibly allowed to testify about the rifle, the petition alleged that Brian was known to carry a rifle and it was also referenced during the events that occurred the night Brian threatened Misty. However, *even if* Misty had not testified regarding the rifle being located in the bedroom, the threat alone would have been enough evidence for the family court to enter a DVO.

Turning to Brian's next argument, we do not disagree that portions of Misty's testimony were bizarre. For example, in addition to testifying regarding the threat on the night in question, Misty also testified about the portion of her petition that stated Brian had been giving her a substance called "Been Good." Although she had never seen this substance, could not find any information about it, and had never witnessed him giving it to her, she nevertheless believed he was somehow administering it to her and that it was intended to "either make [her] go crazy or freeze [her] from the inside out."[3] However, she repeatedly stated that her most serious concern in the petition was the threat Brian made. At the conclusion of the hearing, the family court indicated it believed Brian had threatened Misty.[4] Whether it found credible any testimony regarding the "Been Good" substance is

---

[3] Misty also testified that she had a "psychosis episode" after the night in question where she assaulted a police officer and a pedestrian. The episode resulted in criminal charges and a 72-hour hold in Eastern State Hospital. However, Misty did not attempt to directly tie the alleged substance to this episode.

[4] The family court entered separate hand-written findings in addition to completing Form AOC-275.3 (Order of Protection).

unclear from the record. However, "[a] reviewing court must give due regard to the trial court's judgment as to the credibility of the witnesses." *Williford v. Williford*, 583 S.W.3d 424, 428 (Ky. App. 2019) (citation omitted). Because the family court is in the best position to judge the credibility of the evidence, we will not substitute our opinion for that of the family court with regard to the weight given to certain evidence, including the testimony of witnesses. CR 52.01; *B.C.*, 182 S.W.3d at 219-20. Notwithstanding, the evidence regarding the threat was sufficient for the family court to enter the DVO. Accordingly, we discern no error.

Finally, we cannot say that the family court abused its discretion when it found it was more likely than not that an act of domestic violence occurred. Although Brian denied making the threat, it was within the family court's discretion to find Misty's testimony more credible than Brian's. We again find no error.

Accordingly, the DVO of the Kenton Circuit Court, Family Court Division is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Noel T. Hudson
Newport, Kentucky