**Christopher Robert GOMEZ, Appellant**

v.

**Amy Lynn GOMEZ, Appellee.**

**No. 2007–CA–001919–ME.**

Court of Appeals of Kentucky.

May 9, 2008.

David B. Mour, Louisville, KY, for appellant.

Amy L. Gomez, Louisville, KY, pro se.

Before: DIXON and NICKELL, Judges; KNOPF,[1] Senior Judge.

## OPINION

DIXON, Judge.

Appellant, Christopher Robert Gomez, appeals from a domestic violence order (DVO) entered by the Bullitt Family Court. Finding no error, we affirm.

On August 23, 2007, Appellee, Amy Lynn Gomez, filed a domestic violence pe-

---

**1.** Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

tition in the Bullitt District Court seeking an emergency protective order (EPO) against Appellant. The district court denied the request for an EPO on the grounds that there was no immediate and present danger of domestic violence. *See* Kentucky Revised Statutes (KRS) 403.740. However, pursuant to KRS 403.745, the court caused a summons to be issued to Appellant and set the matter for a hearing.

On September 4, 2007, a hearing was conducted in the Bullitt Family Court. After hearing testimony from Appellee, Appellant and Appellant's girlfriend, the family court entered a DVO against Appellant. This appeal followed.

■ Appellant first argues that under the statutory framework establishing the domestic violence process, KRS 403.715 through KRS 403.785, the family court lacked the jurisdictional authority to either hold the hearing or enter the DVO in question.

In 2002, an amendment to Section 112 of the Kentucky Constitution authorized the creation of a family court division within the circuit court:

(6) The Supreme Court may designate one or more divisions of Circuit Court within a judicial circuit as a family court division. A Circuit Court division so designated shall retain the general jurisdiction of the Circuit Court and shall have additional jurisdiction as may be provided by the General Assembly.

The jurisdiction of a family court is defined in KRS 23A.100:

(1) As a division of Circuit Court with general jurisdiction pursuant to Section 112(6) of the Constitution of Kentucky, a family court division of Circuit Court shall retain jurisdiction in the following cases:

(a) Dissolution of marriage;

(b) Child custody;

(c) Visitation;

(d) Maintenance and support;

(e) Equitable distribution of property in dissolution cases;

(f) Adoption; and

(g) Termination of parental rights.

(2) In addition to general jurisdiction of Circuit Court, a family court division of Circuit Court shall have the following additional jurisdiction:

(a) Domestic violence and abuse proceedings under KRS Chapter 403 subsequent to the issuance of an emergency protective order in accord with local protocols under KRS 403.735;

(b) Proceedings under the Uniform Act on Paternity, KRS Chapter 406, and the Uniform Interstate Family Support Act, KRS 407.5101 to 407.5902;

(c) Dependency, neglect, and abuse proceedings under KRS Chapter 620; and

(d) Juvenile status offenses under KRS Chapter 630, except where proceedings under KRS Chapter 635 or 640 are pending.

(3) Family court divisions of Circuit Court shall be the primary forum for cases in this section, except that nothing in this section shall be construed to limit the concurrent jurisdiction of District Court.

Appellant argues that the language of KRS 23A.100(2)(a) vests jurisdiction over domestic violence proceedings exclusively in the district court until and unless that court issues an emergency protective order. Thus, under Appellant's interpretation, the Bullitt Family Court did not obtain jurisdiction because the district court declined to issue an EPO. We disagree.

The district court is a court of limited jurisdiction. KRS 24A.010. The district

court retains exclusive jurisdiction to make final disposition over criminal misdemeanors; civil cases in which the amount in controversy does not exceed $4,000, exclusive of interests and costs; matters of probate, except matters contested in an adversary proceeding; matters not provided for by statute to be commenced in circuit court and thus deemed non-adversarial; and juvenile matters in which jurisdiction is not vested in another court. KRS 24A.110–24A.130. Clearly, nothing within the language of KRS Chapter 24A grants district courts exclusive jurisdiction in domestic violence proceedings.

In fact, KRS 23A.100(3) specifically dictates that family courts "shall be the primary forum for cases in this section, except that nothing in this section shall be construed to limit the concurrent jurisdiction of District Court." We are of the opinion that such language is clear—while family court is the primary forum for matters concerning domestic violence and abuse, the district court has concurrent jurisdiction to enter protective orders under KRS 403.725. Use of the term "primary forum" clearly indicates that the General Assembly did not intend for the statute to affect a jurisdictional limitation, but rather to emphasize that the purposes underlying the creation of family courts as set out in KRS 23A.110 are best fulfilled when domestic cases proceed in family court.

Nor do we find any language in the domestic violence and abuse statutes, KRS 403.710 et seq., to support Appellant's position that district courts retain exclusive jurisdiction over domestic violence matters unless an EPO is issued. KRS 403.725 refers to domestic violence petitions filed in both district and circuit courts. *See generally* Graham & Keller, *Kentucky Practice–Domestic Relations,* § 5:9 (2008). Of significance to this case is the fact that

at the time of the hearing, a petition for dissolution was pending in the circuit court. Under KRS 403.725(4), "If a family member files an action for dissolution of marriage or child custody in Circuit Court, the Circuit Court shall have jurisdiction to issue a protective order upon the filing of a verified motion therein either at the commencement or during the pendency of the action in Circuit Court. . . ."

We are of the opinion that while the General Assembly intended to grant district courts the concurrent authority to issue EPOs, such authority is not exclusive and does not impinge on the family court's jurisdiction over domestic violence and abuse proceedings. To interpret the statutes otherwise would directly contravene the purpose of the family court as enunciated in KRS 23A.110:

> The additional jurisdiction of a family court division of Circuit Court **shall be liberally construed and applied to promote its underlying purposes,** which are as follows:
>
> . . . .
>
> (2) To protect children and adult family members from domestic violence and abuse. (Emphasis added.)

As our Supreme Court noted in *Barnett v. Wiley,* 103 S.W.3d 17, 19 (Ky.2003), "domestic violence statutes should be construed liberally in favor of protecting victims from domestic violence and preventing future acts of domestic violence." *See also* KRS 500.030 ("All provisions of this code shall be liberally construed according to the fair import of their terms, to promote justice, and to effect the objects of the law.").

Having determined that the family court did, in fact, have jurisdiction to issue the DVO herein, we next turn to the question of whether the evidence supported such. We conclude that it did.

Before issuing a domestic violence order, the trial court must first conduct a hearing and find by a preponderance of the evidence "that an act or acts of domestic violence and abuse have occurred and may again occur...." KRS 403.750(1). The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim "was more likely than not to have been a victim of domestic violence." *Commonwealth v. Anderson,* 934 S.W.2d 276, 278 (Ky.1996). KRS 403.720(1) defines "[d]omestic violence and abuse" as "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]".

Kentucky Rules of Civil Procedure (CR) 52.01 provides that a trial court's findings of fact may be set aside if clearly erroneous. However, we are mindful that in reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion. *Cherry v. Cherry,* 634 S.W.2d 423, 425 (Ky.1982). Abuse of discretion occurs when a court's decision is unreasonable or unfair. *Kuprion v. Fitzgerald,* 888 S.W.2d 679, 684 (Ky.1994). (citations omitted).

Under this standard, we cannot conclude that the family court's decision to enter the DVO against Appellant was clearly erroneous, or an abuse of discretion. As the family court noted during the hearing, its decision hinged on an assessment of the credibility of the witnesses.

> [T]he trier of fact has the right to believe the evidence presented by one litigant in preference to another. The trier of fact may believe any witness in whole or in part. The trier of fact may take into consideration all the circumstances of the case, including the credibility of the witness.

*Anderson, supra,* at 278 (internal citations omitted).

After hearing the testimony from Appellant, Appellee, and Appellant's girlfriend, the family court chose to believe Appellee's version of events, concluding that an act of domestic violence had occurred and Appellee was the victim. Further, the court heard testimony from Appellee that Appellant had threatened her in the past and that she was fearful of him. Thus, we are of the opinion that Appellee established by a preponderance of the evidence "that an act or acts of domestic violence and abuse have occurred and may again occur." KRS 403.750(1). Thus, the family court's issuance of the DVO was not clearly erroneous.

We affirm the Bullitt Family Court's issuance of a DVO against Appellant, Christopher Robert Gomez.

ALL CONCUR.