RENDERED: AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0090-ME

B.G.                                                              APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE LORI N. GOODWIN, JUDGE
ACTION NO. 21-D-504202-001

K.G.                                                               APPELLEE

AND

NO. 2022-CA-0121-ME

B.G.                                                              APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE LORI N. GOODWIN, JUDGE
ACTION NO. 21-D-504200-001

K.G.                                                               APPELLEE

** ** ** ** **

BEFORE:  TAYLOR, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  B.G. appeals from a domestic violence order (DVO) granted by the Jefferson Family Court on behalf of his spouse, K.G.  B.G. also appeals denial of his petition for a DVO against K.G.  We affirm.

The parties have been together for approximately eleven years and married for approximately the last six years.  They have three minor children together.  K.G. filed for divorce in the Jefferson Family Court on December 3, 2021.  The next day, both parties filed petitions for DVOs against the other spouse.  B.G. alleged K.G. was not taking her "bipolar/mood disorder" medications and was becoming "increasingly physical" with him.  K.G. alleged numerous incidents of physical abuse by B.G., including rape.

The family court held a hearing on January 3, 2021.  Both parties testified.  At the conclusion of the hearing, the family court granted K.G.'s petition against B.G., but denied B.G.'s petition against K.G.  The family court declined to enter a protective order for any of the minor children.

Domestic violence is governed by Kentucky Revised Statutes (KRS) Chapter 403, which provides that the trial court may enter a DVO "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse

have occurred and may again occur." *Buddenberg v. Buddenberg*, 304 S.W.3d 717, 720 (Ky.App. 2010) (internal quotation marks omitted).

"Domestic violence and abuse" is defined as:

Physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]

KRS 403.720(2)(a). "The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim 'was more likely than not to have been a victim of domestic violence.'" *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky.App. 2007) (quoting *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996)).

Our review of a trial court's decision to grant or deny a DVO "is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion." *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky.App. 2008). We will not set aside findings of fact unless they are clearly erroneous, or unsupported by substantial evidence. Kentucky Rules of Civil Procedure (CR) 52.01; *Moore v. Asente*, 110 S.W.3d 336 (Ky. 2003). "[F]indings of fact are clearly erroneous only if they are manifestly against the weight of the evidence." *Frances v. Frances*, 266 S.W.3d 754, 756 (Ky. 2008) (citation omitted). Because the trial court is in the best position to judge the

credibility of the evidence, we will not substitute our opinion for that of the trial court with regard to the weight given to certain evidence, including the testimony of witnesses. CR 52.01; *B.C. v. B.T.*, 182 S.W.3d 213 (Ky.App. 2005). Additionally, an abuse of discretion occurs only when the court's decision is "unreasonable, unfair, arbitrary or capricious." *Caudill v. Caudill*, 318 S.W.3d 112, 115 (Ky.App. 2010).

B.G. makes two arguments on appeal. The first is that the family court erred when it prohibited him from introducing evidence regarding K.G.'s mental illness. B.G. was permitted to testify about the acts of domestic violence he claimed K.G. committed against him.

B.G. specifically states in his brief to this Court that, although he believes he should be protected from K.G., "for the purposes of this appeal, he simply seeks reversal of the DVO entered against him." B.G. argues K.G.'s mental health issues were relevant to show a propensity for violence when she failed to take her prescribed medication, yet the relevancy of such evidence goes only towards whether the family court should have granted B.G.'s petition against K.G. We construe B.G.'s statement that he seeks only a reversal of the DVO entered against him as a waiver of any argument relating to the family court's denial of B.G.'s petition against K.G. We therefore decline to address this argument further.

B.G.'s second argument is that the family court failed to make sufficient findings of fact. We disagree. The family court held an extensive hearing. At the conclusion of the hearing, the family court first read the above-cited statutory definition of domestic violence. In addressing whether K.G. had proven domestic violence by a preponderance of evidence, the family court orally indicated that B.G. continually touched K.G. inappropriately and against her consent, including raping her.[1] This was consistent with K.G.'s testimony that B.G. frequently flicked her nipples, smacked her butt, and pinned her to the sofa despite being told repeatedly to stop. The family court also noted a video shown by K.G. of B.G. throwing one of the family dogs from the back porch in anger. It further noted B.G. controlled K.G.'s access to money and vehicles to prevent her from leaving, which was consistent with K.G.'s testimony that B.G. hides or takes her vehicle keys; leaves her with a truck she is unable to drive because it is a stick shift; and leaves no gasoline in the vehicles and no means for her to put gasoline in the vehicles. The family court completed form AOC-275.3 and separately filed a handwritten and signed docket sheet. The handwritten findings reflect what the family court stated orally from the bench and what is reflected on standardized

---

[1] K.G. filed a domestic violence petition in 2018 alleging rape by B.G. The petition was eventually dismissed without prejudice upon agreement of the parties. K.G. testified that B.G. agreed to see a therapist at the time, but he never changed and had since raped her numerous other times.

form AOC-275.3 (*i.e.*, that an act of domestic violence and abuse occurred by B.G. against K.G. and may again occur).

There is substantial evidence in the record before us that B.G. committed acts of domestic violence against K.G. We cannot conclude that the family court's findings were clearly erroneous or that the family court abused its discretion.

Accordingly, the orders of the Jefferson Family Court are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Allison S. Russell
Shanna R. Ballinger
Louisville, Kentucky

BRIEF FOR APPELLEE:

Corey Shiffman
Christine Shiffman
Louisville, Kentucky