RENDERED: JANUARY 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1150-ME

LAURA K. VORE-SHELDON                                APPELLANT


                   APPEAL FROM HARRISON CIRCUIT COURT
v.                          FAMILY COURT DIVISION
HONORABLE HEATHER FRYMAN, JUDGE
ACTION NO. 21-D-00034-001


LARIETTA LYNN DENNIS, ON
BEHALF OF HELEN SHELDON                             APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Laura K. Vore-Sheldon brings this appeal from a September 1, 2021, Order of Protection entered in the Harrison Circuit Court, Family Court Division, restraining her from having contact with Helen Sheldon. We reverse and remand.

On August 13, 2021, Larietta Lynn Dennis, on behalf of Helen Sheldon, filed a Petition for Order of Protection against Laura K. Vore-Sheldon.

Larietta is the biological granddaughter and the adopted daughter of Helen.

Larietta had also recently been appointed the emergency guardian of Helen.  And,

Laura is married to Bert Sheldon.  Bert is the biological grandson and the adopted

son of Helen.[1]

The entirety of the allegation that formed the basis for the filing of the

Petition for an Order of Protection is as follows:

> There is a pending court case with Bert M. Sheldon.
> Laura is the wife of.  There are restraining orders in place
> to keep Helen Sheldon safe from Bert.
>
> Today 8-13-21, Laura Vore-Sheldon went to the nursing
> home where Helen Sheldon recides [sic] to visit without
> Gaurdian [sic] consent.  Gave a false name who she was
> to try to visit with Helen Sheldon.  Laura stated her name
> was Jenni with this being a [sic] ongoing criminal case
> with Bert M. Sheldon.  I ask for a restraining order
> against Laura from the victom [sic].

Following an evidentiary hearing, the family court granted an Order of Protection

on September 1, 2021, in favor of Helen and against Laura.  In the Order of

Protection, the family court issued a Domestic Violence Order (DVO) that

restrained Laura from having any contact or communication with Helen and

---

[1] When the Petition for Order of Protection was filed on August 13, 2021, there were numerous criminal charges pending in Harrison Circuit Court against Bert Sheldon, including the knowing abuse/neglect of an adult (Kentucky Revised Statutes 209.990(2)).  The charges stemmed from allegations that Bert had abused and/or neglected Helen Sheldon.  Bert and his wife, Laura, were living with Helen at the time.  As a result of the criminal charges, there was apparently a no contact order in place that prevented Bert from having contact with Helen.

required Laura to remain at least 500 feet away from the nursing home where Helen resided. This appeal follows.

The issuance of a DVO is governed by Kentucky Revised Statutes (KRS) 403.740, which provides that a family court may enter a DVO if it "finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" KRS 403.740(1). Domestic violence and abuse is defined as "[p]hysical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]" KRS 403.720(2)(a).

Our review of a trial court's decision to grant or deny a DVO "is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion." *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008). We will not set aside findings of fact unless the findings are clearly erroneous. *Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003). Findings of fact are clearly erroneous if not supported by substantial evidence. *Id.* Substantial evidence is evidence of a probative value that a reasonable person would accept as adequate to support a conclusion. *Id.* Additionally, an abuse of discretion occurs only where the court's decision is

-3-

"unreasonable, unfair, arbitrary or capricious." *Caudill v. Caudill*, 318 S.W.3d 112, 115 (Ky. App. 2010).

In the case *sub judice*, the family court conducted an evidentiary hearing. The witnesses called to testify at the hearing were Larietta, Laura, and an attorney previously appointed as Helen's guardian *ad litem*. Larietta's testimony focused upon her belief that Laura drove by Larietta's house three times in one day. Larietta further testified that the following day, Larietta received a call from the nursing home saying Helen's sister, Betty Martin, was there to visit Helen. According to Larietta, the nursing home staff also advised her that the woman accompanying Betty identified herself to the nursing home staff as Jenni. Larietta testified that she went to the nursing home and confirmed that Jenni was actually Laura. Larietta also stated that the nursing home staff asked Laura to leave because she did not have any form of identification. Larietta further testified that Betty attempted to discuss with Helen the situation involving Bert.

Laura was the next witness to testify at the hearing. Laura testified that she drove Betty to the nursing home to visit Helen. Laura acknowledged that she gave the nursing home a false name because of the "friction" related to the pending criminal charges against her husband, Bert. Laura further stated that she did not visit with Helen but rather returned to the car to wait for Betty to visit with Helen. After the visit was concluded, Laura drove Betty home.

The attorney serving as guardian *ad litem* for Helen also briefly testified at the hearing. The attorney's testimony was mostly background information but also included that the nursing home had given him a letter that stated Helen was upset after Betty's visit. However, the attorney did not have any first-hand knowledge of the events that occurred at the nursing home on the day of Betty's visit.

Obviously absent from the evidence presented was any act of physical injury, serious physical injury, sexual abuse, assault, or the infliction of imminent fear of same. In fact, Laura did not even talk with Helen during Betty's visit. In the absence of substantial evidence supporting the family court's finding that domestic violence or abuse occurred and may occur again, we are compelled to conclude that the family court abused its discretion by issuing the DVO against Laura. In sum, we reverse the September 1, 2021, Order of Protection and remand for the family court to dismiss the Petition for Order of Protection.

We view Larietta's remaining contentions of error as moot or without merit.

For the foregoing reasons, the September 1, 2021, Order of Protection is reversed and this matter is remanded to the family court for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:     NO BRIEF FOR APPELLEE.

James Paul Brannon
Paris, Kentucky