RENDERED:  FEBRUARY 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0591-ME

BRETT LUCKABAUGH                                                    APPELLANT

v.
APPEAL FROM WARREN CIRCUIT COURT
HONORABLE DAVID A. LANPHEAR, JUDGE
ACTION NO. 22-D-00015-001

MARCIA LUCKABAUGH                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND EASTON, JUDGES.

EASTON, JUDGE:  Brett Luckabaugh ("Brett") appeals from the Warren Circuit

Court's order, entered on March 16, 2022, which granted an order of protection,

specifically a domestic violence order ("DVO"), to his mother, the Appellee,

Marcia Luckabaugh ("Marcia").  Appellant argues the circuit court erred by

entering the DVO.  Finding no error, we affirm.

## I.    FACTUAL AND PROCEDURAL HISTORY

On December 29, 2021, Marcia filed a petition for order of protection in the Marshall Family Court against her son, Brett.  In the petition, Marcia alleges Brett threatened to kill her during a phone call, which took place on December 25, 2021.   The Marshall Family Court granted an emergency protective order on December 29, 2021, and that court set a hearing for January 11, 2022.

On January 4, 2022, an order transferring was entered, sending the case to Warren County.  There is no indication of any objection to this transfer. Brett had not been served with the initial summons.  The Warren Family Court issued a subsequent summons with a new court date of January 19, 2022.  Brett was served with this summons on January 7, 2022.

After a first continuance at the request of Brett's counsel and a second continuance due to illness of Marcia's counsel, the court held an evidentiary hearing on March 16, 2022.  Both parties testified.  After the evidentiary hearing, the trial court granted Marcia a DVO against Brett for six (6) months, to expire on September 16, 2022.  In addition to AOC Form 275.3, the trial court issued findings of fact and conclusions of law, which stated the court announced its findings of fact and conclusions of law on the record and incorporated them into the written order.

## II.     STANDARD OF REVIEW

We review the issuance of a DVO by the trial court for abuse of discretion. *Johnston v. Johnston*, 639 S.W.3d 428, 431 (Ky. App. 2021). The trial court's findings of fact shall not be set aside unless they were clearly erroneous. Kentucky Rules of Civil Procedure ("CR") 52.01. A trial court's findings of fact are not clearly erroneous if supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

We note Marcia did not file a brief after her counsel withdrew from his representation of her in this matter, although she did file a *pro se* document. We are permitted discretion in how to address this failure under RAP[1] 31(H)(3). We decline to sanction Marcia for failure to file a brief. The factual and legal issues were fairly presented by the record itself, which was not voluminous.

## III.     ANALYSIS

Brett argues the trial court erred in granting the DVO. His argument is two-fold. First, the trial court was influenced by inappropriate bias or prejudice when assessing the credibility of the parties. Second, the facts do not support a finding that domestic violence is likely to occur in the future.

We find no basis for Brett's assertion the trial court demonstrated any bias or prejudice during the proceedings. Brett relies upon one particular remark

---

[1] Kentucky Rules of Appellate Procedure.

made by the judge after the hearing when the judge explained his reasoning for his decision: "I don't know of any reason why a mother would create a fiction that her child intended to kill her. I just, I cannot . . . I cannot imagine that." Brett argues this statement illustrates an inherent bias applied to this case. We disagree.

First, we will not usually address issues not raised with the trial court. *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). Brett did not seek recusal of the judge after the supposedly offending comment. Even if considered, the single statement, taken out of the context of the entire statement of the court does not show a sufficient bias to justify disqualification. The court's comments would have to be of such a nature to indicate a fair decision by the court was impossible. *Brown v. Commonwealth*, 297 S.W.3d 557, 563-64 (Ky. 2009).

The comment was not made at the beginning of the court's comments. It was made after approximately seven minutes of explanation. It was followed by the judge commenting on Marcia's lack of motive to make up the allegation, not the motive of all mothers. The record here does not support any finding of partiality or bias to justify the relief Brett requests.

As for Brett's second contention, we begin with the requirements for a valid order of protection. "A trial court is authorized to issue a DVO if it 'finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]'" *Castle v. Castle*, 567 S.W.3d 908, 915 (Ky. App. 2019).

Domestic violence includes not just acts of violence but words or actions creating a fear of such violence. KRS 403.720(2)(a). In the present case, the trial court filled out AOC Form 275.3, and checked the box under "Additional Findings" which stated: "For the Petitioner against the Respondent in that it was established, by a preponderance of the evidence, that an act(s) of domestic violence and abuse . . . has occurred and may again occur[.]"

The trial court made additional oral findings on the record, which were then incorporated into written findings of fact and conclusions of law, also dated March 16, 2022. The Court has reviewed these oral findings. The oral statements support the written summary. Brett admits he was very angry during the phone call at issue. Brett admits he called Marcia a bitch as well as using a more vulgar term of a c***. Brett further admits he told Marcia to f*** herself. While Brett denied the spoken statement of an intent to kill Marcia, he admits he told her it was "nice knowing you." He admits expressing frustration over people talking about his friend Dan. Marcia testified the threat to kill was related to anyone who might say something about Dan.

The trial court was entitled to accept any part of the testimony as true. In doing so, the trial court here could accept Brett's admission of being very angry and making various insults. The judge could also accept Marcia's statement of the threat to kill. Marcia also commented on the influence of Brett's friend Dan as a

reason to believe the threats would be repeated. It was supposed comments about Dan which led to the first threat. Given the anger in the situation and the history between these parties, including a recent hospitalization of Brett for mental health observation upon Marcia's petition, the judge was justified in finding the required likelihood of further threats being made.

When reviewing an order of protection, "the test is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion." *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008). We give great deference to the trial courts as the finders of fact. "It has long been held that the trier of fact has the right to believe the evidence presented by one litigant in preference to another." *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996). "The trier of fact may take into consideration all the circumstances of the case, including the credibility of the witness[es]." *Id.* The trial court acted within its discretion in this case.

## IV. CONCLUSION

For the foregoing reasons, we affirm the Warren Family Court.


ALL CONCUR.

BRIEF FOR APPELLANT:            NO BRIEF FOR APPELLEE.

Tim Hendrix
Bowling Green, Kentucky