RENDERED: APRIL 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0924-ME

SAMANTHA KRUEGER                                          APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE SHELLEY M. SANTRY, JUDGE
ACTION NO. 22-D-502041-001

JANET CAMPBELL                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Samantha Krueger appeals from a domestic violence order

(DVO) entered by the Jefferson Family Court in favor of her mother, Janet

Campbell. We affirm.

On June 20, 2022, Campbell filed a petition for an emergency order of

protection (EPO) against Krueger; Campbell alleged that Krueger:

> Calls or texts, arguing, threat[en]ing, coming to the house
> wanting to fight, argue all hours of the night, threatening

myself and other family members. She is bipolar and has said she at least has kept herself from shooting me in the head. This has been an issue with her most of her life and she needs help. She refuses to take medication. Her father just passed 7 months ago from covid and she seems more angry now. I just don't want any more trouble.

The EPO was granted to Campbell, and the matter proceeded to a hearing on July 5, 2022. At the hearing, the family court, after placing Campbell under oath, read the petition, and Campbell affirmed that she wished to adopt the allegations as her testimony. Campbell stated that Krueger's behavior seems exacerbated by alcohol and that she blamed her mother for allowing the father to pass away. Campbell also alleged that Krueger had also contemplated suicide. According to Campbell, Krueger's husband owned guns but Krueger herself did not.

On cross-examination by Krueger's counsel, Campbell admitted that there had been no further trouble since the petition was signed. Campbell, her son, and Krueger all live within a couple of blocks of each other.

Krueger did not wish to testify on her own behalf, but she answered questions posed to her by the family court. Krueger did not deny making the threatening statements to her mother. Nor did she dispute that she was off her medication. In response to the family court's questions about it, Krueger acknowledged that she had taken herself off the prescriptions in 2015 but claimed that it was so that she could return to work and no longer be considered disabled.

She did not volunteer where she works or for how long she had been employed. Krueger also claimed to suffer from post-traumatic stress disorder "from growing up with her" (and pointing toward her mother). Krueger also stated that she does "really well as long as [she] doesn't have anything to do with [her] family." She admitted that she became "very emotional" because she felt excluded during her father's funeral by not being permitted to sit with the family. But she insisted that she would never do anything to hurt her mother. Krueger further stated that she has sought counseling but did not wish to return to taking prescription medication.

The family court issued a one-year DVO which included a no contact provision "in the hopes that things resolve themselves and there is no further need for court intervention."

Krueger appeals, arguing that the family court erred by entering the DVO without sufficient evidence that acts of domestic violence had occurred and may occur again.

We begin by stating our standard of review, namely:

> We review the entry of a DVO for whether the trial court's finding of domestic violence was an abuse of discretion. *McKinney v. McKinney*, 257 S.W.3d 130, 133 (Ky. App. 2008). Our review of the trial court's factual findings is limited to whether they were clearly erroneous. Kentucky Rules of Civil Procedure ("CR") 52.01; *Hall v. Smith*, 599 S.W.3d 451, 454 (Ky. App. 2020). A trial court's factual determination is not clearly erroneous if it is supported by substantial evidence, which is evidence of sufficient probative value to induce

-3-

conviction in the minds of reasonable people. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

"A trial court is authorized to issue a DVO if it 'finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]'" *Castle v. Castle*, 567 S.W.3d 908, 915 (Ky. App. 2019) (quoting Kentucky Revised Statutes ("KRS") 403.740(1)). "The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence." *Caudill v. Caudill*, 318 S.W.3d 112, 114 (Ky. App. 2010) (citing Baird v. Baird, 234 S.W.3d 385, 387 (Ky. App. 2007)). In *Caudill*, this Court addressed the DVO process and discussed the construction of DVO statutes:

> While domestic violence statutes should be construed liberally in favor of protecting victims from domestic violence and preventing future acts of domestic violence[,] the construction cannot be unreasonable. Furthermore, we give much deference to a decision by the family court, but we cannot countenance actions that are arbitrary, capricious or unreasonable.

*Id.* at 115 (internal quotation marks and citations omitted).

*Johnston v. Johnston*, 639 S.W.3d 428, 431 (Ky. App. 2021).

Domestic violence includes not just acts of violence but words or actions creating a fear of such violence. KRS 403.720(2)(a) (which contains "the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried

-4-

couple"). Here Krueger's threat to shoot her mother in the head formed sufficient basis for the family court to enter the DVO. When coupled with Krueger's mental health diagnosis and her refusal to take prescribed medication, along with her conceded emotional state subsequent to the father's death, the likelihood of another incident existed. The record supports the findings, and Kentucky law supports the holding. *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008).

The order of the Jefferson Family Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

John Olash
Louisville, Kentucky