RENDERED: JULY 28, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0219-ME

BRIAN STRONG                                           APPELLANT

v.              APPEAL FROM KENTON CIRCUIT COURT
HONORABLE THOMAS A. RAUF, JUDGE
ACTION NO. 18-D-00426-003

KRYSTALANNE N. GARY                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

KAREM, JUDGE: Brian Strong appeals from the Kenton Circuit Court's order denying his petition for an Interpersonal Protection Order ("IPO") under Kentucky Revised Statute ("KRS") Chapter 456. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 27, 2022, Strong filed a petition for an IPO against Krystalanne Gary. In the petition, Strong alleged that Gary had come to his residence uninvited and had thrown a brick into his window, breaking the window.

In the petition, Strong indicated that he "would like relief of harassment and stalking and property damage."

The circuit court held a hearing on Strong's petition on January 18, 2023. Strong was present at the hearing with counsel, but Gary was not. Unfortunately, this Court has not been provided with either a recorded copy or transcript of the hearing. We are required to assume missing portions of a record support the decision of the trial court. *Smith v. Smith*, 450 S.W.3d 729, 732 (Ky. App. 2014).

After the hearing, the circuit court entered its findings of fact, conclusions of law, and order on February 3, 2023. The court made the following findings:

1. [Strong] filed a Petition for an [IPO] on December 27, 2022.

2. [Strong] stated that he and [Gary] were friends in the past.

3. On December 18, 2022, [Gary] came to [Strong's] residence. [Strong] states that he had been experiencing a family crisis and did not wish to speak with [Gary]. [Gary] then left the residence.

4. At some point on December 18, 2022, [Gary] returned to [Strong's] residence at which time [Strong] states that she threw a brick through his window, breaking the window in the process.

5. [Strong] called the police. The police arrived and assessed the situation. Approximately 30 minutes later, [Gary] returned to the residence at which time the police arrested her.

6. [Strong] states that a "couple days" after the incident in which [Gary] threw the brick, she returned to his residence, knocking on his door.

7. [Strong] indicates that if he is not granted protection, he thinks [Gary] will continue returning to his residence.

The circuit court ultimately dismissed Strong's petition, finding that he had not proven by a preponderance of the evidence that Gary's acts rose to the level of stalking under Kentucky law. This appeal followed.

## ANALYSIS

As a preliminary matter, we note that Gary did not file an appellee brief. As stated in Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3):

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

*See also* former Kentucky Rule of Civil Procedure ("CR") 76.12(8)(c) (substantially similar to RAP 31(H)(3), which took effect on January 1, 2023).

However, this Court also has the discretion to decline to exercise any of the options listed in RAP 31(H)(3). *See Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007) (declining options in CR 76.12(8)(c)).

In this case, we do not specifically elect any of the options provided in RAP 31(H)(3).

### a. **Standard of Review**

We review the circuit court's findings of fact for clear error. *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008) (domestic violence ("DVO") appeal). *See also Smith v. Doe*, 627 S.W.3d 903, 908 (Ky. 2021) (noting statutes governing IPO and DVO proceedings are interpreted similarly). Findings are not clearly erroneous if they "are supported by substantial evidence." *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (citation omitted). In our review of an IPO, "the test is not whether we would have decided it differently, but whether the findings of the trial judge were clearly erroneous or that he abused his discretion." *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982) (citation omitted). "Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary or capricious." *Castle v. Castle*, 567 S.W.3d 908, 915 (Ky. App. 2019) (citation omitted).

## b. <u>Discussion</u>

Entry of an IPO is proper if, following a hearing, "a court finds by a preponderance of the evidence that dating violence and abuse, sexual assault, or stalking has occurred and may again occur[.]" KRS 456.060(1). Evidence meets the preponderance of the evidence standard "when sufficient evidence establishes that the alleged victim was more likely than not" a victim of dating violence and abuse, sexual assault, or stalking. *Gomez*, 254 S.W.3d at 842 (internal quotation marks and citation omitted).

Kentucky's relevant stalking statute states that:

A person is guilty of stalking in the second degree when he intentionally:

    (a) Stalks another person; and

    (b) Makes an explicit or implicit threat with the intent to place that person in reasonable fear of:

        1. Sexual contact as defined in KRS 510.010;

        2. Physical injury; or

        3. Death.

KRS 508.150(1).

Moreover, the term "stalk" as used in the foregoing statute is defined as follows:

(1)(a) To "stalk" means to engage in an intentional course of conduct:

1. Directed at a specific person or persons;

2. Which seriously alarms, annoys, intimidates, or harasses the person or persons; and

3. Which serves no legitimate purpose.

(b) The course of conduct shall be that which would cause a reasonable person to suffer substantial mental distress.

(2) "Course of conduct" means a pattern of conduct composed of two (2) or more acts, evidencing a continuity of purpose. . . .

KRS 508.130.

Thus, Strong was required to prove by a preponderance of the evidence that Gary (1) intentionally threatened Strong, either explicitly or implicitly, so as to place him in fear of sexual contact, serious injury, or death, and (2) that she intentionally stalked him, *i.e.*, that she engaged in a course of two or more harassing, annoying, alarming, or intimidating acts directed toward him with (a) no legitimate purpose and which both (b) would have caused a reasonable person in Strong's position substantial mental distress and (c) did in fact cause Strong substantial distress.

In this case, the circuit court's finding that Gary's conduct did not meet the stalking definition is not clearly erroneous or an abuse of its discretion. As previously discussed, Strong was required to prove two separate instances of stalking by a preponderance of the evidence. *See* KRS 508.130(2). However, the

only proof that Strong provided about the second alleged stalking incident was that Gary knocked on his door a few days later.  Strong offered no proof that Gary did so with the intent to threaten him or that such action would cause a reasonable person to suffer substantial emotional distress.  Additionally, we can find no evidence in the record that Strong subjectively suffered emotional distress.  Thus, the statutory elements of "stalking" under Kentucky law were not satisfied.

## **CONCLUSION**

For the foregoing reasons, we affirm the Kenton Circuit Court's order.


ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Robert Gary Defusco
Covington, Kentucky