RENDERED:  APRIL 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1230-ME

JASON D. MILLS                                                        APPELLANT

v.
APPEAL FROM KNOX CIRCUIT COURT
FAMILY COURT DIVISION IV
HONORABLE LUCAS M. JOYNER, JUDGE
ACTION NO. 23-D-00077-001

E.M., A MINOR                                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, EASTON, AND GOODWINE, JUDGES.

EASTON, JUDGE:  Jason Mills ("Jason") appeals the Knox Family Court's issuance of a Domestic Violence Order ("DVO") against him on behalf of E.M., Jason's minor daughter.  Jason argues the family court failed to make adequate findings of fact to support the issuance of a DVO.  Jason further argues the family court abused its discretion by entering the DVO because there was no evidence that domestic violence may occur again.  We conclude adequate findings were made

based on substantial evidence, and there was no abuse of discretion by the family court. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

E.M. was fifteen years old at the time of the DVO hearing. E.M.'s mother passed away in October 2019. Jason and E.M.'s mother were not living together when she died, and Jason had joint custody with timesharing. When E.M.'s mother died, Jason became the sole legal custodian of E.M.

Despite Jason having sole custody of E.M., there is a dispute as to whether E.M. lived with him full time after her mother's death, or if she resided for some time with her maternal aunt and uncle, Deborah and Terry Lee (collectively "Lees"). The Lees filed a petition[1] in the Knox Family Court in February 2023, seeking custody or visitation with E.M. In July 2023, the family court awarded the Lees visitation with E.M. every other weekend.

In August 2023, the Lees filed a motion to hold Jason in contempt for disregarding the visitation order. A different family court division conducted a hearing on this contempt motion on August 30, 2023. Immediately after this hearing the events leading to the issuance of the DVO took place. On that same

---

[1] No. 23-CI-00073. None of the record of this separate case was submitted for review, but references made in the present case indicate issues included de facto custodian status and waiver.

day, E.M. filed her Petition/Motion for Order of Protection, and an Emergency Protective Order ("EPO") was entered.

A hearing on E.M.'s petition was held on September 13, 2023. E.M. testified that after the court hearing on August 30, Jason was angry because of the presiding judge's statements that Jason must abide by the visitation order, which Jason insists violates his parental rights. While walking out of the courthouse, E.M. and her stepmother exchanged words. E.M. told her stepmother to "shut up." (E.M. acknowledged during the hearing that she should not have told an adult to shut up.) Jason told E.M. not to say anything else, and she responded by asking "why?" E.M. testified that Jason then hit her in the back with his hand or fist, which caused her to stumble, and Jason then grabbed her by her shirt, pulling her towards him. E.M. pulled away and ran back inside the courthouse, where she made a report to an officer.

E.M. testified that Jason had never hit her before, but she has witnessed him be physically aggressive to other family members. She recalled an occasion at her grandmother's house where Jason slapped her teenage cousin in the face and continued to hit him after he fell onto a couch. She also recalled an instance when Jason shoved a former stepmother against a car. She asked the court for a DVO because she was scared Jason would hit her again if she went back to his home.

Jason also testified at the hearing. He denied hitting E.M., although he acknowledges pulling on her sweatshirt to "get her attention." He stated he has not used any type of physical discipline on E.M. in many years. He argues the reason E.M. filed the petition was so she could live with the Lees, who allow her much more freedom and do not require her to follow his rules. He does not believe he hurt her, nor did he intend to hurt her.

The Barbourville police officer called to the scene testified. The officer described Jason as "angry" and E.M. as "extremely shook." The officer saw no visible marks or injuries on E.M. The officer further investigated the incident and watched the available courthouse security video. While the courthouse security cameras recorded E.M. running back inside the courthouse, the altercation was outside any camera view.

The family court frankly agonized over this decision. After obvious consideration with acknowledgement that this was a very close call, the family court issued a DVO for a period of one year. The family court stated that while Jason did not believe his actions rose to the level of an act of domestic violence, E.M. certainly did. The court described E.M. as traumatized. The court deemed E.M. credible and found by a preponderance of the evidence that E.M. was more likely than not a victim of domestic violence and the required likelihood of it occurring again existed. But the family court did not impose the standard DVO

restrictions. The family court did not include firearm restrictions. It ordered Jason and E.M. to undergo counseling together, and it did not prohibit communication between Jason and E.M. The family court believed therapeutic contact was necessary to repair the relationship. This appeal follows.

## STANDARD OF REVIEW

A review of a trial court's decision regarding the entry of a domestic violence order is limited to "whether the findings of the trial judge were clearly erroneous or that he abused his discretion." *Caudill v. Caudill*, 318 S.W.3d 112, 115 (Ky. App. 2010). "Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary or capricious." *Dunn v. Thacker*, 546 S.W.3d 576, 578 (Ky. App. 2018). A trial court's findings of fact are not clearly erroneous if supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). Substantial evidence is evidence of sufficient probative value that it permits a reasonable mind to accept as adequate the factual determinations of the trial court. *Id*.

## ANALYSIS

Domestic violence orders are governed by KRS[2] Chapter 403. In order to enter a Domestic Violence Order, a trial court is required to find by a preponderance of the evidence that domestic violence has occurred and is likely to

---

[2] Kentucky Revised Statutes.

occur again. KRS 403.740. "The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence." *Dunn v. Thacker*, *supra* at 580. "The definition of domestic violence and abuse, found in KRS 403.720(1), includes 'physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members.'" *Abdul-Rahman v. Peterson*, 338 S.W.3d 823, 825 (Ky. App. 2011).

Jason first argues the family court failed to make adequate findings of fact. In *Smith v. McCoy*, 635 S.W.3d 811, 817 (Ky. 2021), the Kentucky Supreme Court noted that only the "essential facts" are required to support the issuance of a DVO. "[I]n issuing a protective order, the only 'essential facts' the trial court is required to find are (1) whether an act of domestic violence and abuse, dating violence and abuse, stalking, or sexual assault has occurred, and (2) whether it may occur again." *Id.* (citation omitted).

The family court in this case filled out AOC Form 275.3. This form recites these "essential facts" necessary for issuing a DVO. And in this instance, the family court checked the box which states under Additional Findings: "For Petitioner against Respondent in that it was established, by a preponderance of the evidence, that an act(s) of: domestic violence and abuse . . . has occurred and may

-6-

again occur." A properly completed AOC Form 275.3 constitutes sufficient findings to support the issuance of a DVO. *Id.* at 818. *See also Williford v. Williford*, 583 S.W.3d 424, 430 (Ky. App. 2019).

Jason argues that no evidence was presented to support a finding that domestic violence may again occur. E.M. presented evidence to support this finding. She testified to other instances which she witnessed in which Jason was physically violent or abusive toward other family members. E.M. stated she was afraid if she went home with her father, he would hit her again. The family court believed the parties had reached a "boiling point" from which they needed to be pulled back.

We agree with the family court's acknowledgement that this case presents a very close call. But when reviewing the issuance of a DVO, "the test is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion." *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008). We must give great deference to the family court as the finder of fact. "It has long been held that the trier of fact has the right to believe the evidence presented by one litigant in preference to another." *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996). "The trier of fact may take into consideration all the circumstances of the case, including the

credibility of the witness[es]." *Id.* The family court remarked at length on E.M.'s credibility.

We additionally recognize the "enormous significance to the parties involved" in a DVO. *Wright v. Wright*, 181 S.W.3d 49, 52 (Ky. App. 2005). The family court attempted to strike a delicate balance in this case to protect E.M. and still work toward a better relationship with her father. It did not order the full range of restrictions that are common in DVO cases. It did not impose a no-contact restriction, a distance restriction, or a firearm restriction. Further, it ordered the parties to undergo counseling together to attempt to mend the relationship. We do not believe this order constitutes an abuse of discretion.

## CONCLUSION

The Knox Family Court's findings of fact are supported by substantial evidence and are thus not clearly erroneous. The Knox Family Court acted within its discretion and is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Allison Spencer Russell
Louisville, Kentucky

BRIEF FOR APPELLEE:

Hailey Scoville Bonham
London, Kentucky