RENDERED: JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0207-ME

WILLIAM R. HEADY                                                    APPELLANT

APPEAL FROM HARDIN FAMILY COURT
v.        HONORABLE KIMBERLY WINKENHOFER SHUMATE,
SPECIAL JUDGE
ACTION NO. 24-D-00021-001

BRENDA SUE WILCOX-HEADY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: William Heady brings this appeal from a February 5, 2024,

domestic violence order of protection (DVO) entered by the Hardin Family Court.[1]

We affirm.

---

[1] Brenda Sue Wilcox-Heady filed a petition for order of protection in the Hardin Circuit Court, Family Court Division. As both family court judges recused, District Judge Kimberly Winkenhofer Shumate was appointed as special judge to preside over the matter by order entered January 22, 2024.

On January 10, 2024, Brenda Sue Wilcox-Heady filed a petition for order of protection in the family court against her husband William Heady. The parties had been married for over fifty-five years and Brenda was seventy-six years of age. In the petition, Brenda alleged:

> I fear for my life, [William] has threatened[,] abused and beaten me over the course of the last 56 [years]. I left 3 months ago after refusing to sign the [sale] agreement of our business, for fear [William] would hurt me. I have been in Naples, Florida[,] trying to get away from him. But I am tired of being away from my home, family, and friends. I need this order of protection so I can continue my life.

The family court entered an emergency order of protection (EPO) on behalf of Brenda on January 10, 2024. A hearing on the petition was subsequently conducted on February 5, 2024. At the conclusion of the hearing, the family court found that an act or acts of domestic violence and abuse had occurred and may again occur. By order entered February 5, 2024, a domestic violence order (DVO) was issued for a period of one year. This appeal follows.

William contends the family court erred by finding that an act or acts of domestic violence had occurred and may occur again. More particularly, William asserts that "[a] threat to put another individual in a mental health institution, even if made, is not domestic violence as defined by [Kentucky Revised Statutes] KRS 403.720." William's Brief at 6.

-2-

Domestic violence in Kentucky is governed by KRS Chapter 403, which provides that the trial court may enter a DVO "if a court finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur." KRS 403.740(1). "Domestic violence and abuse" is defined as:

> Physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]

KRS 403.720(2)(a). And, "[t]he preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim 'was more likely than not to have been a victim of domestic violence.'" *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007) (quoting *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996)).

Our review of a family court's decision to grant or deny a DVO "is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion." *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008). Because the family court is in the best position to judge the credibility of the witnesses and evidence, we will not substitute our opinion for that of the family court with regard to the weight given to certain evidence, including the testimony of witnesses. Kentucky Rules of Civil Procedure (CR) 52.01; *B.C. v. B.T.*, 182 S.W.3d 213, 219-20 (Ky. App. 2005).

In the case *sub judice*, Brenda testified at the hearing that during their entire marriage, until William's recent cancer diagnosis, William had been abusive toward her. Brenda specifically testified that William had engaged in the following abusive behaviors: "knocking me down," "slapping me around," "getting me on the floor and kind of pummel[ing] me" and "dragging me around by the hair of my head." These acts clearly constitute acts of domestic violence pursuant to KRS 403.720.

Brenda further testified that in the fall of 2023, William repeatedly requested that she sign a sale agreement for the parties' business. Brenda believed the business needed to be appraised before she could agree to a sale price. When Brenda refused to sign the sale agreement without an appraisal, William became very aggressive. William specifically told Brenda that she would sign it or she would be sorry. Brenda further asserted that William threatened to have her involuntarily committed to a mental institution if she did not sign the sales agreement. As a result of William's threat, and in light of William's past abusive behavior, Brenda was fearful of William's threat to have her put in a mental institution. Brenda testified that she was "scared to death" by William's threat. William, on the other hand, testified that there had only been two incidents of violence during their marriage like those described by Brenda. By so testifying, William acknowledged that he had engaged in acts of domestic violence against

Brenda. Again, as the family court was in the best position to judge the credibility of the witness, we will not substitute our opinion for that of the trial court with regard to weight given to their testimony. *See* CR 52.01; *B.C. v. B.T.*, 182 S.W.3d 213, 219-20 (Ky. App. 2005). Accordingly, we believe there was sufficient evidence to support the family court's finding that an act or acts of domestic violence have occurred and may occur again. Therefore, we are of the opinion that the family court did not err by entry of the DVO against William.

For the foregoing reasons, the order of the Hardin Family Court entered February 5, 2024, is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeremy S. Aldridge
Elizabethtown, Kentucky

BRIEF FOR APPELLEE:

Phyllis K. Lonneman
Elizabethtown, Kentucky