RENDERED: JULY 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0311-ME

CHARLES BRANDON BAILEY                                     APPELLANT

                   APPEAL FROM BOONE CIRCUIT COURT
v.                HONORABLE JENNIFER R. DUSING, JUDGE
                     ACTION NO. 24-D-00408-001

MICHELLE ESCHAN BAILEY AND
J.L.E. (A CHILD)                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE: Charles Brandon Bailey ("Brandon") appeals from the Boone

Circuit Court's issuance of a Domestic Violence Order ("DVO") against him.

Upon review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2024, Michelle Eschan Bailey ("Michelle") filed a petition for an order of protection (the "Petition") against Brandon on behalf of herself and her minor son, J.L.E. Based on the contents of the Petition, the circuit court granted an emergency protective order under Kentucky Revised Statute ("KRS") 403.730 and set the matter for an evidentiary hearing on November 20, 2024. That hearing was continued to November 25, 2024, as Michelle had the incorrect time for the November 20, 2024, hearing.

The circuit court held an evidentiary hearing on November 25, 2024, at which both parties were present and testified. Thereafter, the circuit court entered a three (3)-year DVO against Brandon on November 25, 2024. On December 3, 2024, Brandon filed a motion requesting the circuit court to reconsider its order, which the circuit court denied. This appeal followed.

We will discuss other facts as they become relevant.

## ANALYSIS

### 1. Standard of Review

Upon appellate review of a DVO, "the test is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion." *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008) (citation omitted). A circuit court's "[f]indings are not clearly erroneous if

they are supported by substantial evidence or, in other words, evidence that when taken alone or in light of all the evidence has sufficient probative value to support the trial court's conclusion." *Rupp v. Rupp*, 357 S.W.3d 207, 208 (Ky. App. 2011) (citation omitted). Abuse of discretion occurs when a court's decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *McKinney v. McKinney*, 257 S.W.3d 130, 133 (Ky. App. 2008) (citations omitted).

## 2. **Discussion**

We first note that Michelle did not file an appellee brief in this case. Because Michelle did not file a brief, we may "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3). "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007) (citations omitted). In an appeal such as this, which concerns allegations of domestic violence and the court's imposition of a DVO against an individual, we decline to reverse the judgment without an independent review of the record and consideration of the merits of the case.

Turning to the applicable law in this case, under KRS 403.740(1), "[f]ollowing a hearing . . . if a court finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur, the court may issue a domestic violence order[.]" Therefore, pursuant to the statutory language, a trial court must make two separate findings: that domestic violence and abuse occurred, as well as the likelihood of future domestic violence. *Id.*

"The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim was more likely than not to have been a victim of domestic violence." *Gomez*, 254 S.W.3d at 842 (internal quotation marks and citation omitted). Kentucky statutes define "domestic violence and abuse" as: "[p]hysical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]" KRS 403.720(2)(a).

Regarding evidence that domestic violence may again occur as required by KRS 403.740(1), the Kentucky Supreme Court has observed that "[t]he predictive nature of the standard requires the family court to consider the totality of the circumstances and weigh the risk of future violence against issuing a protective order." *Pettingill v. Pettingill*, 480 S.W.3d 920, 925 (Ky. 2015). Moreover, in *Boone v. Boone*, 501 S.W.3d 434, 440 (Ky. App. 2016), this Court explained:

Kentucky courts have liberally construed our statutory scheme in order to afford relief. KRS 403.715(1) mandates that the domestic violence statutes be interpreted to "[a]llow victims to obtain effective, short-term protection against further wrongful conduct in order that their lives may be as secure and as uninterrupted as possible[.]"

In this case, we have examined the record in its entirety and are not persuaded by Brandon's arguments that the trial court's findings were clearly erroneous or that the trial court abused its discretion. While it is true that the testimonial evidence was contradictory, "[d]eciding which witness to believe is within the sound discretion of the family court as fact-finder; we will not second-guess the family court, which had the opportunity to observe the parties and assess their credibility." *Hunter v. Mena*, 302 S.W.3d 93, 98 (Ky. App. 2010) (citing Kentucky Rule of Civil Procedure ("CR") 52.01). After hearing Michelle's and Brandon's testimony, the trial court chose to believe Michelle's version of events, ultimately concluding that an act of domestic violence had occurred and may occur again, and that Michelle was the victim.

Michelle's testimony constitutes substantial evidence to support the trial court's findings. *Bjelland v. Bjelland*, 408 S.W.3d 86, 89 (Ky. App. 2013) ("The trial court's acceptance of [a husband's] testimony as more credible satisfied the substantial evidence requirement for its ruling."). Specifically, Michelle testified that Brandon told her multiple times that he would break her neck and

-5-

throw her in a ditch where she would never be found.  Additionally, Michelle testified to, and provided pictures of multiple instances of physical violence that Brandon perpetrated against her.  Kentucky law is clear that testimony during a DVO hearing is not restricted only to those alleged events in the DVO petition. *Sewell v. Sweet*, 637 S.W.3d 330, 334 (Ky. App. 2021).  The circuit court's conclusion that domestic violence and abuse had occurred and may occur again was not clearly erroneous.

## CONCLUSION

Based on the foregoing, we affirm the Boone Circuit Court's DVO against Brandon.

ALL CONCUR.

BRIEF FOR APPELLANT:                   NO BRIEF FOR APPELLEE.

C. Ed Massey
Erlanger, Kentucky